NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ADAM J. ZAPALA (SBN 245748)
azapala@cpmlegal.com
ELIZABETH T. CASTILLO (SBN 280502)
ecastillo@cpmlegal.com
REGINA WANG (SBN 326262)
rwang@cpmlegal.com
KEVIN J. BOUTIN (SBN 334965)
kboutin@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

WILLIAM PLETCHER (SBN 212664)
will@consumerwatchdog.org
BENJAMIN POWELL (SBN 311624)
ben@consumerwatchdog.org
**CONSUMER WATCHDOG**
6330 San Vicente Blvd., Suite 250
Los Angeles, CA 90048
Telephone: (310) 392-0522
Facsimile: (310) 392-8874

CHRISTINA TUSAN (SBN 192203)
ctusan@ctusanlaw.com
ADRIAN BARNES (SBN 253131)
abarnes@ctusanlaw.com
TUSAN LAW, PC
680 E. Colorado #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN HEROLD, GINA STABILE, LYNN ELIAS, MICHAEL SIMMONS, ROBERT LASIEWICZ, and NINA PHAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHEVRON U.S.A. INC.; VALERO MARKETING AND SUPPLY COMPANY; PBF ENERGY INC.; MARTINEZ REFINING COMPANY LLC; TORRANCE REFINING COMPANY LLC; MARATHON PETROLEUM COMPANY LP; and PHILLIPS 66 COMPANY,<br><br>    Defendants. | CASE NO. 3:25-cv-10282-TLT<br><br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**

## CASE MANAGEMENT STATEMENT

Pursuant to the Standing Order for All Judges of the Northern District of California, Plaintiffs KEN HEROLD, GINA STABILE, LYNN ELIAS, MICHAEL SIMMONS, ROBERT LASIEWICZ, and NINA PHAN, on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendants CHEVRON U.S.A. INC.; VALERO MARKETING AND SUPPLY COMPANY; PBF ENERGY INC.; MARTINEZ REFINING COMPANY LLC; TORRANCE REFINING COMPANY LLC; MARATHON PETROLEUM COMPANY LP; and PHILLIPS 66 COMPANY ("Defendants"), by and through their respective counsel of record, hereby jointly submit this Case Management Statement.

## 1.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than 100 putative class members, and minimal diversity exists; 28 U.S.C. § 1331 with respect to the cause of action arising under Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1); and 28 U.S.C. § 1367 with respect to the causes of action arising under state law.

Defendants do not contest that the Court has personal jurisdiction over them with respect to the claims alleged in the First Amended Complaint, or that venue is proper in this District pursuant to 28 U.S.C. § 1391 and Civil L.R. 3-2(c).

All Defendants have been served or have waived service of process.

## 2.    FACTS

**PLAINTIFFS' FACTUAL CONTENTIONS:**

Plaintiffs assert three causes of action against Defendants for violations of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et seq*. under the unlawful and unfair prongs of the statute; violations of the Cartwright Act, Bus. & Prof. Code § 16700, *et seq*.; and violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Plaintiffs allege an unlawful scheme by Defendants—who represent the five largest oil refiners operating in California—to inflate the reported compliance cost of the state's Low Carbon

JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT                    1

Fuel Standard ("LCFS") program, and to pass those inflated costs on to California consumers through increased gasoline prices. Under SB 1322, Defendants are each required to file monthly reports with the California Energy Commission ("CEC") disclosing its actual refining, distribution, and regulatory compliance costs, including costs associated with the LCFS program. These reports are required by regulation to be "true, accurate, and complete" and are signed under penalty of perjury and made public. But volume-weighted reports compiled from Defendants' monthly submissions show a sudden increase of approximately 7 cents per gallon in LCFS-related costs beginning January 1, 2025, despite no change in actual LCFS market credit prices at that time and no change in regulatory obligations. This hidden overcharge implemented by each Defendant has added hundreds of millions of dollars to the cost of gasoline for California consumers, in direct violation of antitrust and California consumer protection laws.

**DEFENDANTS' FACTUAL CONTENTIONS:**

Defendants generally deny Plaintiffs' allegations.  In particular, Defendants deny that they conspired to restrain trade, submitted false reports to the CEC, charged inflated prices or were otherwise unjustly enriched, or that they caused Plaintiffs any harm.

**PRINCIPAL FACTUAL ISSUES IN DISPUTE:**

The principal factual issues identified by the parties include the following:

      a.      Whether Defendants implemented a ~7 cents per gallon increase in reported LCFS costs.

      b.      Whether Defendants passed through to indirect purchasers LCFS costs that they were not actually incurring at the time.

      c.      Whether Defendants intentionally falsified LCFS costs reported to CARB under SB 1322.

      d.      Whether there is a connection between the reported LCFS costs and allegedly inflated gasoline prices that indirect purchasers paid.

      e.      Whether Defendants conspired to inflate LCFS compliance costs for the purpose of overcharging indirect purchasers for gasoline.

f.      Whether Defendants were unjustly enriched at consumers' expense by allegedly orchestrating a scheme to falsify LCFS costs for the purpose of overcharging indirect purchasers.

**3.      LEGAL ISSUES**

The primary legal issues identified by the parties include the following:

a.      Whether Defendants' acts violated Public Resources Code § 25355 (requiring monthly reporting on the costs of LCFS compliance) and Title 20, Cal. Code Regs., § 1303(l)(8) (requiring reports to be submitted under penalty of perjury);

b.      Whether Defendants' acts violated California Penal Code § 118;

c.      Whether Defendants' acts constituted "unlawful" and "unfair" business acts or practices under Bus. & Profs. Code § 17200, et seq.;

d.      Whether Plaintiffs and other members of the proposed class or classes have standing;

e.      Whether Plaintiffs suffered injury in fact as a direct and proximate result of Defendants' alleged unlawful and unfair business practices;

f.      Whether Defendants, as horizontal competitors in the market for refining and selling gasoline in California, engaged in a contract, combination, and conspiracy to restrain trade and artificially inflate the price of gasoline in California beginning on or about January 1, 2025;

g.      Whether Defendants' alleged combination had the purpose and effect of restraining trade by raising, fixing, and stabilizing the price of gasoline in California at a level above what a competitive market would produce, injuring Plaintiffs and Class members;

h.      Whether Defendants' acts violated the Cartwright Act, Bus. & Prof. Code § 16700, et seq.;

i.      Whether Defendants' acts violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT      3

j.      Whether Defendants have valid defenses;

k.      Whether Plaintiffs and the Class have sustained damages and, if so, what is the proper measure of damages; and

l.      Whether the injunctive relief Plaintiffs seeks is fundamentally public in nature and is appropriate here.

## 4.    MOTIONS

**Prior motions**

The Court has not ruled on any motions.

**Pending Motions**

On March 26, 2026, Defendants filed a Motion to Dismiss (Dkt. 73) and a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (Dkt. 74). Those motions are fully briefed and set for hearing on August 18, 2026.

**Anticipated Motions**

**PLAINTIFFS' POSITION:**

Plaintiffs currently anticipate filing a motion to certify a class and may file a motion for summary judgment.

Plaintiffs may file one or more motions to compel with respect to sets of document requests and interrogatories to the Defendants, depending on the outcome of the parties' meet-and-confer efforts. Plaintiffs also may file motions to compel if they do not receive responsive information from third parties.

**DEFENDANTS' POSITION:**

Defendants may file early summary judgment motions.  Defendants believe that moving for summary judgment relatively early (i.e., before class certification) would likely conserve significant judicial and party resources here, as Plaintiffs' claims rely on incorrect factual assertions that will likely be disproven by uncontroverted evidence.  California district courts have granted early motions for summary judgment where doing so promotes judicial efficiency and have held that "nothing in the rules forbids early summary judgment motions," and that "there is nothing per se

JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT                4

wrong with early motions for summary judgment." *Van Slyke v. Capital One Bank*, 2007 WL 2385108, at *4 (N.D. Cal. Aug. 17, 2007) (class action re defendants' credit card practices).[1]

**5.     AMENDMENT OF PLEADINGS**

Plaintiffs amended their complaint on February 4, 2026, Dkt. 45, and do not anticipate amending the pleadings at this time.

**6.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in these actions.

**7.     DISCLOSURES**

The parties exchanged initial disclosures on March 27, 2026, pursuant to Fed. R. Civ. P. 26(a)(1).

**8.     DISCOVERY**

**Discovery taken to date**

**PLAINTIFFS' POSITION:**

Plaintiffs served Interrogatories, Set One and Request for Production of Documents, Set One on Defendants Chevron U.S.A., Inc.; Valero Marketing and Supply Company; PBF Energy Inc., Martinez Refining Company LLC, and Torrance Refining Company LLC; Marathon Petroleum

---

[1] *Kirk-Mayer, Inc. v. Pac Ord, Inc,* 626 F. Supp. 1168, 1172, n.1 (C.D. Cal. 1986) (permitting and granting an early motion for summary judgment "in defendants' favor on the Sherman Act Sec. 1 claim . . . predicated on the uncontroverted showing of defendants that no conspiracy, agreement or other concerted action had been shown."); *In re Online DVD Rental Antitrust Litig.,* 2010 WL 2680837, at *7 (N.D. Cal. July 6, 2010) ("The court will permit Defendants to file an early summary judgment motion limited to antitrust standing should discovery result in an evidentiary record which would enable the court to answer some of the questions raised above.  The parties will still be permitted to file motions for summary judgment at the close of discovery, as permitted by the pretrial order."); *In re Capacitors Antitrust,* 2016 WL 5724960, at *2 (N.D. Cal. Sept. 30, 2016) (deciding to address on summary judgment "the FTAIA issues sooner rather than later in the case . . . to resolve the parties' FTAIA disagreements early enough to realize downstream efficiencies and economies in discovery and class certification . . . and also help to spur settlement talks."); *Guynn-Neupane v. Magna Legal Servs., LLC*, 2021 WL 4481661, at *8 n.11 (N.D. Cal. Sept. 30, 2021) (finding that it would "be more practicable and efficient to resolve" defendants summary judgment motions before addressing plaintiffs' motion for class certification).

Company LP; and Phillips 66 Company by mail on June 5, 2026. Defendants served Responses and Objections on July 8, 2026, which consisted of objections only.

Defendants generally have taken the position that Plaintiffs are not entitled to obtain discovery while Defendants' motion to dismiss and motion to stay discovery are pending, and have refused to provide responsive documents or substantive responses. Plaintiffs believe this position is without merit. *See Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117 (N.D. Cal. 2024) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."); *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1094 (D. Nev. 2022) ("It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay"). If the Court denies Defendants' motion to dismiss, their argument will be rendered moot. Even if the Court were to grant the motion to dismiss, "there is not good cause to stay discovery" if the Court "gives Plaintiff leave to amend, as it is not 'convinced that the plaintiff will be unable to state a claim for relief.'" *Salaiz v. eHealthInsurance Servs., Inc.*, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)).

Plaintiffs have also served Subpoenas to Produce Documents, Information, or Objects on third-parties California Energy Commission and the Oil Price Information Service.

**DEFENDANTS' POSITION:**

***Party discovery.*** Plaintiffs served far-reaching discovery requests on each of the Defendants in this case more than two months *after* Defendants filed the pending motion to stay discovery (ECF No. 74). In total, Plaintiffs served 130 requests for production and 55 interrogatories. Defendants responded to those requests within the time specified by the Federal Rules of Civil Procedure, and asserted numerous objections to Plaintiffs' discovery requests, including objections on the basis of the pending motion to stay discovery. Defendants have also provided initial disclosures and worked with Plaintiffs on an ESI Protocol and Protective Order. Soon after Defendants filed their motions to dismiss and to stay discovery, the Court set a hearing on those motions on August 18, just three weeks from now. Defendants are waiting for the Court's guidance at that hearing, not, as Plaintiffs

say, taking the position that plaintiffs are unable to take discovery anytime a motion to stay is pending.

As Defendants explained in their motion to stay discovery, antitrust discovery is "a sprawling, costly, and hugely time-consuming undertaking." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 n.6 (2007); *see also In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. June 14, 2007). Accordingly, courts—including in this District—routinely grant motions to stay discovery pending the disposition of motions to dismiss antitrust claims. *See, e.g., Arcell v. Google*, 2022 WL 16557600, at *2 (N.D. Cal. Oct. 31, 2022) (granting motion to stay discovery "until the Court issues a ruling on Defendants' motion to dismiss"); *California Crane Sch., Inc. v. Google LLC*, 2022 WL 1271010, at *2 (N.D. Cal. Apr. 28, 2022) (similar); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577 (N.D. Cal. July 24, 2007) (similar); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020) (similar); *D'Augusta v. American Petroleum Institute, et. al.*, Case No. 4:22-cv-01979, Dkt. 80 (N.D. Cal. June 8, 2022) (White, J.) (similar); *see also, e.g., N.M. Soc'y for Acupuncture & Asian Med. v. Kinetacore Holdings, LLC*, 2017 WL 6343626, at *3 (D.N.M. Dec. 11, 2017) (staying discovery and noting that "the discovery burdens of defending against antitrust claims are particularly heavy").

Requiring Defendants to substantively respond to Plaintiffs' expansive discovery requests while the motion to stay discovery is pending would defeat the entire purpose of the stay—to avoid imposing the burdens of discovery, especially in antitrust cases such as this one, unless plaintiffs have shown they can successfully state a claim. And district courts in this Circuit have held that Defendants' objections are proper. For example, in *Malik v. Clarke*, the court held that "Defendants' objection to responding to the discovery pending this Court's resolution of the motion to stay discovery was not inappropriate." 2008 WL 356956, at *2 (W.D. Wash. Feb. 7, 2008). And in *Collett v. Mason Cnty.*, the court went so far as to say that the "County Defendants were not required to respond to Plaintiff's discovery requests while their motions to stay discovery were pending…."). 2024 WL 4979799, at *6 (W.D. Wash. Dec. 4, 2024). Any other rule would threaten to make motions to stay futile, as a plaintiff could otherwise serve discovery immediately after a 26(f) conference and thereby force a defendant to engage in the very discovery it seeks to stay, long before

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**          7

a court has a reasonable amount of time to address a motion to stay.

***Non-party discovery.*** Plaintiffs served document subpoenas on the California Energy Commission and the Oil Price Information Service over three months after Defendants filed the motion to stay discovery. Those subpoenas seek, among many irrelevant categories of documents, documents containing Defendants' confidential information that are statutorily protected from disclosure. Defendants may need to seek relief from the Court regarding those subpoenas, but for the reasons stated above, respectfully request that they need not do so until the earlier of a denial of Defendants' motion to stay discovery or the lifting of such a stay if one is imposed.

**Scope of anticipated discovery**

The parties anticipate seeking discovery that tracks the allegations in the First Amended Complaint, including, but not limited to, discovery in the following areas:

- SB 1322 reports submitted to the CEC and associated communications;
- Documents Defendants relied on when preparing SB1322 reports regarding LCFS compliance costs;
- Data showing Defendants' underlying LCFS compliance costs;
- Amounts charged to retailers and costs attributed to LCFS;
- Amounts retailers charged for gasoline;
- Communications (if any) between Defendants related to LCFS costs;
- Public and internal communications by Defendants related to LCFS costs;
- Internal documents showing Defendants' understanding of LCFS amendments;
- Third party records regarding LCFS credits;
- Government agency records and communications regarding LCFS amendments, refiner reports and compliance;
- Class member identification data sufficient to determine the scope and membership of proposed class or classes; and
- Plaintiffs' purported damages.

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT     8

**Proposed limitations or modifications of the discovery rules**

**PLAINTIFFS' POSITION:**

Plaintiffs believe the limitation on interrogatories pursuant to Rule 33 and depositions pursuant to Rule 30 should be enlarged given the number of Defendants and corporate affiliates. Plaintiffs will propose a limit on interrogatories and depositions after they have received Defendants' organizational charts and have identified document custodians.

**DEFENDANTS' POSITION:**

Defendants agree that there may be cause to modify the default limits on discovery in the event that the case survives the motion to dismiss. For example, in addition to party depositions, Defendants anticipate needing to depose several third parties and will likely exceed the ten-deposition limit. Defendants will continue to confer with Plaintiffs regarding whether the default limits on depositions and other discovery need to be enlarged and will seek relief from the Court when there is good cause to modify them.

**Stipulated e-discovery orders**

On July 7, 2026, the parties submitted a Stipulation and Order Regarding the Production of ESI and Hard Copy Documents. Dkt. 83.

On July 16, 2026, the Court entered a Stipulated Protective Order. Dkt. 85.

**9.    CLASS ACTIONS**

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**PLAINTIFFS' POSITION:**

This action is maintainable as a class action under Rules 23(b)(2) and (b)(3). The class consists of:

> All persons and entities who indirectly purchased gasoline that was supplied by at least one Defendant in the State of California at any time from January 1, 2025 until May 31, 2025. The Class includes individual consumers as well as businesses or other entities that indirectly purchased gasoline for end use within California. Excluded from the Class are: (a) Defendants, their officers, directors, and employees; (b) any entities in which Defendants have a controlling interest; (c) the Court and its personnel; and (d) any persons who timely and validly opt out of the Class.

Under Rule 23 and applicable federal and state law, Plaintiffs intend to use the documentary and testimonial record in this action to show that (1) the proposed class or classes of Plaintiffs are so numerous that joinder of all members is impracticable (Plaintiffs believe that there are tens of millions of class members during the relevant period); (2) there are questions of law or fact common to the class, including the common factual and legal questions and issues set forth above; (3) the claims or defenses of the class representatives are typical of the claims or defenses of the class; (4) the class representatives will fairly and adequately protect the interests of the class; (5) the questions of law or fact common to class members (including the common questions of law and fact set forth above) predominate over any questions affecting only individual members; and (6) that a class action is superior to other available methods for fairly and efficiently adjudicating this action.

**DEFENDANTS' POSITION:**

Defendants dispute that the case may be certified as a class action and specifically dispute, without limitation, that the proposed class or classes meets the requirements of Fed. R. Civ. Proc. 23(a), 23(b)(2) and 23(b)(3).  Defendants reserve the right to address any and all issues posed by any motion to appoint class counsel or to certify any class or subclass.  Defendants submit that, given the prospects of disposing of this case by prompt Rule 56 motions, any motion to certify classes should be deferred.

**10.    RELATED CASES**

The parties are not aware of any related cases.

**11.    RELIEF**

Plaintiffs request restitution and disgorgement of all amounts unlawfully collected or profits wrongfully obtained, actual damages to be trebled pursuant to Bus. & Prof. Code § 16750(a), pre- and post-judgment interest (at the legal rate and to the extent available), injunctive and other equitable relief, attorneys' fees and costs, and such other and further relief as is just and proper. It is premature for Plaintiffs to calculate damages at this time as neither fact discovery is in the early stages and expert discovery has not begun.

/ / /

/ / /

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**          10

**12.     SETTLEMENT AND ADR**

The parties have complied with ADR L.R. 3-5. There have been no ADR efforts to date. The parties anticipate using private mediation, if at all, as the selected ADR method in this action. The parties believe it is premature to commence private mediation at this time given that discovery has not begun.

**13.     OTHER REFERENCES**

The parties believe that this action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**14.     NARROWING OF ISSUES**

The parties have not identified any issues that may be narrowed at this time, but will discuss as discovery proceeds.

**15.     SCHEDULING**

The Court entered a Case Management and Scheduling Order setting forth, among other things, dates for expert reports, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. Dkt. 77.

**16.     TRIAL**

The case will be tried to a jury. It is anticipated at this time by the parties that a trial will take at least four (4) weeks.

**17.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. At this time, Plaintiffs are not aware of any other persons, firms, partnerships, corporations (including parent corporations), or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**18.     PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.     OTHER**

The parties have no other issues to raise at this time.

Dated: July 23, 2026

**COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Kevin Boutin*
Niall P. McCarthy (SBN 160175)
Adam J. Zapala (SBN 245748)
Elizabeth T. Castillo (SBN 280502)
Regina Wang (SBN 326262)
Kevin J. Boutin (SBN 334965)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000 / Fax: (650) 697-0577
nmccarthy@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
rwang@cpmlegal.com
kboutin@cpmlegal.com

William Pletcher (SBN 212664)
Benjamin Powell (SBN 311624)
**CONSUMER WATCHDOG**
6330 San Vicente Blvd., Suite 250
Los Angeles, CA 90048
Tel. (310) 392-0522 / Fax: (310) 861-0862
will@consumerwatchdog.org

Christina Tusan, (SBN 192203)
Adrian Barnes (SBN 253131)
**TUSAN LAW, PC**
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Tel. (626) 418-8203 / Fax: (626) 619-8253
ctusan@ctusanlaw.com
abarnes@ctusanlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

Dated: July 23, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Samuel G. Liversidge (w/ consent)*
Samuel G. Liversidge
Theodore J. Boutrous Jr.
Daniel G. Swanson
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
SLiversidge@gibsondunn.com

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**    13

S. Christopher Whittaker
Courtney L. Spears
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive, Suite 1200
Irvine, California  92612-4412
Telephone: (949) 451-3800
CWhittaker@gibsondunn.com
CSpears@gibsondunn.com

*Attorneys for Defendant CHEVRON U.S.A. INC.*

Dated: July 23, 2026          **JONES DAY**


By: ___*/s/ David Kiernan (w/ consent)*___
          David Kiernan
          **JONES DAY**
          555 California Street, 26th Floor
          San Francisco, California 94101-1500
          Telephone: (415) 626-3939
          dkiernan@jonesday.com


          Kelly Watne
          **JONES DAY**
          555 South Flower Street, 50th Floor
          Los Angeles, California  90071
          Telephone: (213) 489-3939
          kwatne@jonesday.com

*Attorneys for Defendant*
*MARATHON PETROLEUM COMPANY LP*


Dated: July 23, 2026          **CLEARY GOTTLIEB STEEN & HAMILTON**


By: ___*/s/ Brian Byrne (w/ consent)*___
          Brian Byrne (Bar No. 181362)
          Matthew M. Yelovich (Bar No. 351330)
          **CLEARY GOTTLIEB STEEN & HAMILTON LLP**
          151 University Avenue
          Palo Alto, CA 94301
          650-815-4110
          bbyrne@cgsh.com
          myelovich@cgsh.com

/ / /

/ / /

/ / /

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**          14

C. Lawrence Malm (*pro hac vice*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
202-974-1500
lmalm@cgsh.com

*Attorneys for Defendants PBF ENERGY INC., MARTINEZ REFINING COMPANY LLC, and TORRANCE REFINING COMPANY LLC*

Dated: July 23, 2026            **HAWXHURST LLP**


By:    */s/ Gerald E. Hawxhurst (w/consent)*
     Gerald E. Hawxhurst
     Kyle Foltyn-Smith
     **HAWXHURST LLP**
     10000 Santa Monica Blvd., Suite 3406
     Los Angeles, CA 90067
     Telephone: (310) 893-5150
     jerry@hawxhurstllp.com
     kyle@hawxhurstllp.com

*Attorneys for Defendant VALERO MARKETING AND SUPPLY COMPANY*


Dated: July 23, 2026            **NORTON ROSE FULBRIGHT US LLP**


By:    */s/ Joshua D. Lichtman (w/consent)*
     Joshua D. Lichtman (Bar No. 176143)
     **NORTON ROSE FULBRIGHT US LLP**
     555 South Flower Street, Forty-First Floor
     Los Angeles, CA 90071
     213-892-9226
     joshua.lichtman@nortonrosefulbright.com

     Layne Kruse (*pro hac vice to be filed*)
     **NORTON ROSE FULBRIGHT US LLP**
     1550 Lamar Street, Suite 2000
     Houston, TX 77010
     713-651-5194
     layne.kruse@nortonrosefulbright.com

*Attorneys for Defendant PHILLIPS 66 COMPANY*

**JOINT CASE MANAGEMENT STATEMENT; CASE NO. 3:25-CV-10282-TLT**          15

**ATTORNEY ATTESTATION**

I, Kevin Boutin, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with Civil Local Rule 5-l(h)(3), I hereby attest that concurrence in the filing of this document has been obtained from each signatory.

Dated: July 23, 2026                    */s/ Kevin Boutin*
                                               KEVIN BOUTIN