UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEN HEROLD, et al.,

Plaintiffs,

v.

CHEVRON CORPORATION, et al.,

Defendants.

Case No. 3:25-cv-10282-TLT (KAW)

**ORDER REGARDING 9/17/26 JOINT DISCOVERY LETTER RE PLAINTIFFS' SUBPOENA TO CALIFORNIA ENERGY COMMISSION**

Re: Dkt. No. 102

[Discovery Letter #1]

On September 17, 2026, the parties filed a joint discovery letter regarding Defendants Chevron U.S.A. Inc., Marathon Petroleum Company LP, Valero Marketing and Supply Company, PBF Energy Inc., Martinez Refining Company LLC, Torrance Refining Company LLC, and Phillips 66 Company's joint motion to quash Plaintiffs' subpoena to the California Energy Commission ("CEC"). (Joint Letter, Dkt. No. 102.)

## I. BACKGROUND

Plaintiffs allege that, from January to May 2025, Defendants engaged in "an unlawful scheme" to simultaneously "inflate the reported compliance cost of the state's Low Carbon Fuel Standard ("LCFS") program, and to pass those inflated costs on to California consumers through increased gasoline prices." (Joint Letter at 1.) The LCFS program requires fuel producers to ensure that their fuel mix meets certain targets, and Senate Bill 1322 requires refiners to submit monthly reports to the CEC with data pertaining to cost, pricing, volume, and "the volume weighted fees or estimated valuations of costs embedded in all wholesale gasoline sales associated with the [LCFS program.]" *Id.* (quoting Cal. Pub. Res. Code § 25355(b)(6).) The CEC then takes the monthly reports from each refiner and publishes a monthly aggregate report. CAL. ENERGY

COMM'N, CAL. OIL REFINERY COST DISCLOSURE ACT MONTHLY REP., https://www.energy.ca.gov/data-reports/energy-almanac/californias-petroleum-market/california-oil-refinery-cost-disclosure (last visited Oct. 7, 2026).

On July 8, 2026, Plaintiffs notified Defendants that they intended to serve a subpoena on the CEC and they served the subpoena that same day. (Joint Letter at 1.) The subpoena seeks the production of Defendants' "SB 1322" reports from January 1, 2023 to the present. (Subpoena, Joint Letter, Ex. A at 7.) It also seeks the production of materials derived from, or that may otherwise include or refer to data from, Defendants' SB 1322 reports, as well as documents from the Division of Petroleum Management Oversight ("DPMO")—a division of the CEC—related to Defendants' reported LCFS costs, DPMO Annual Reports, and DPMO market surveillance reports. (Joint Letter at 1, Ex. A at 7-9.) The subpoena specified August 4, 2026 as the date of compliance, but Plaintiffs and the CEC agreed to extend the response deadline to October 2, 2026. (Joint Letter at 1.) Plaintiffs and the CEC have met and conferred about the scope of the subpoena, and the CEC has not formally sought to quash or modify the subpoena, and, instead, has been preparing documents for production. *See id.* at 1, 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(B) permits a court to quash or modify a subpoena if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information...." Fed. R. Civ. P. 45(d)(3)(B)(i). As an alternative to quashing or modifying the subpoena, the court may order production under specified conditions if the party seeking production "(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C). In determining whether there is a substantial need, "the district court's role in this inquiry is to balance the need for the trade secrets against the claim of injury resulting from disclosure." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006). Moreover, this "determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of trade secret or confidential commercial information is sought from non-parties." *Id.*

## III. DISCUSSION

### A. Motion is Timely

As an initial matter, the Court finds that Defendants' attempts to quash the subpoena are timely. (*See* Joint Letter at 3.) Generally, "a motion to quash under Rule 45 is timely if made before the date specified for compliance with the subpoena." *Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK-VKD, 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020)(citation omitted). Notwithstanding, "where… a subpoena recipient moves to quash after lodging a written objection to the subpoena, the motion to quash is timely so long as it is filed within a reasonable time after the conclusion of informal efforts to resolve the objections." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022) (citing *Friedman v. Old Republic Home Protection Co., Inc.*, 2014 WL 12845131, at *2 (C.D. Cal. June 24, 2014) ("It is not appropriate ... to rob [a party] of the opportunity to move to quash the subpoena because its good faith efforts to resolve the matter outside of Court made its request untimely under some decisions interpreting Rule 45.")).

Here, the original compliance date was August 4, 2026, but there have been several extensions of time for the CEC to produce responsive documents. (Joint Letter at 4.) Defendants waited until August 19, 2026 to request that the parties meet and confer regarding the subpoena. *Id.* While Defendants should have initiated these efforts shortly after being advised of the subpoena on July 8, 2026, the Court finds that the dispute is timely under the circumstances considering the intervening dispositive motion practice and motion to stay discovery.

### B. Standing

Next, the Court finds that Defendants have standing to quash the subpoena. (*See* Joint Letter at 3-4.) Generally, a party does not have standing to quash a third-party subpoena unless "the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (citations omitted). The party moving to quash under Rule 45(d)(3) has the burden of persuasion. *See AEC Yield Capital, LLC v. American Home Energy, Inc.* 2025 WL 3085720, at * 4 (N.D. Cal. Nov. 5, 2025). Here, Defendants submitted confidential reports to the CEC, and the disclosure statute requires the

United States District Court
Northern District of California

commission to notify the submitting party of any request to publicly release unaggregated information. *See* Cal. Pub. Res. Code § 25364(c)(1).

Thus, the Court finds that Defendants have satisfied their burden to show standing.

**C. Merits**

Defendants move to quash the subpoena under Federal Rule of Civil Procedure 45, because it seeks the production of highly sensitive information that Defendants were required to provide to CEC and DPMO so those agencies could carry out their regulatory mandate. (Joint Letter at 2.) For that reason, Defendants contend that the information sought is confidential commercial information, which requires that Plaintiffs make a showing of substantial need. *Id.* Defendants argue that Plaintiffs cannot make this showing, because "much of the information is irrelevant to Plaintiffs' claims." *Id.*

While it is undisputed that the information sought is presumed protected under Rule 45, the Court finds that it is directly relevant to Plaintiffs' claims. (*See* Joint Letter at 5.) "Substantial need" does not require that the information "be dispositive of the entire issue disputed in the litigation in order to be discoverable by subpoena." *Gonzales*, 234 F.R.D. at 686; *see also Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, No. 18-mc-80064-KAW, 2018 WL 2197544, at *3 (N.D. Cal. May 14, 2018) (quoting *Gonzales*, 234 F.R.D. at 686). Here, Defendants' prior motion to dismiss states that:

> Plaintiffs' theory is that Defendants conspired to falsely inflate their estimated LCFS "costs" in these reports and then pass on those costs to consumers by affecting wholesale gasoline prices. FAC ¶ 98.1 The claim is premised on the fact that the CEC reported that aggregate refiner LCFS costs increased by five to eight cents per gallon from January to May 2025. Plaintiffs contend there was no reason for LCFS costs to increase during this period, so the refiners must have conspired to report falsely inflated LCFS costs, and pass these costs through intermediate distributors, ultimately to consumers.

(Dkt. No. 73 at 1.) It is disingenuous to now argue that the information sought is not relevant to Plaintiffs' claims after having essentially represented to the presiding judge that one or more of Plaintiffs' claims rely on the documents sought. (*See* Joint Letter at 2.) The only way for Plaintiffs to prove their theory of the case is to access the reports for the individual defendants. *See id.* at 5. Defendants' argument that the timeframe for the reports sought is too expansive, and, therefore,

irrelevant, is unavailing, because historical reports are necessary for the sake of comparison and Plaintiffs have already met and conferred with the CEC on this issue. *See id.* at 3, 5. Finally, the fact that some information may be obtained from the individual defendants is not enough to constitute an undue burden because the requests are not plainly overbroad on their face, making this case factually distinguishable from the non-binding authority cited by Defendants. *But cf. Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (district court quashed subpoena due to overbroad requests seeking 10 years of information of dealings with defendant and information regarding nonparty's commercial business with other nonparties, when plaintiff did not first seek relevant information from defendant). Thus, the Court finds that the information sought is relevant and that Plaintiffs have shown that they have a substantial need in obtaining this protected matter in accordance with Rule 45(d)(3)(C).

Moreover, as Plaintiffs point out, the stipulated protective order in effect addresses any concerns pertaining to confidentiality given that the defendants are competitors. (Joint Letter at 5.) The Court notes that the protective order contemplates this very situation and allows for the designation of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," which will ensure that the defendants themselves cannot access designated materials for commercial purposes. (Stipulated Protective Order, Dkt. No. 85 ¶ 7.3(b) (limits disclosure to House counsel "responsible for management of litigation"); Decl. of Joshua Lichtman ISO of Parties' Joint Proposed Modifications to Model Protective Order, Dkt. No. 84-1 ¶ 17 (explaining that this modification was made "given that the risk of disclosure of Highly Confidential material is heightened because (a) Defendants are competitors and (b) House Counsel may have varying responsibilities for their respective in-house client….").) Thus, the Court finds the current protective order sufficient to ameliorate any concerns regarding disclosure of confidential, commercial information that may provide a competitive advantage. *See Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB-SHK, 2019 WL 8112506, at *6 (C.D. Cal. Oct. 16, 2019) ("[T]he presence of the two-tiered, stipulated protective order weighs against any danger of ordering production of the information sought" by plaintiff-competitor, because information received by outside counsel cannot be used for business purposes.)

United States District Court
Northern District of California

## IV. CONCLUSION

Accordingly, Defendants' motion to quash is DENIED, and non-party CEC shall complete its production within 7 days of this order.

This resolves Dkt. No. 102.

IT IS SO ORDERED.

Dated: October 20, 2026

KANDIS A. WESTMORE
United States Magistrate Judge